1
2
3
4
5

**NOT FOR PUBLICATION**

6             IN THE UNITED STATES DISTRICT COURT

7
8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   UNITED STATES OF AMERICA,                    No.  CR 11-00403 JSW
                                                 (Related to 12-cv-3605)
10                Plaintiff,
                                                 **ORDER DENYING FIRST**
11        v.                                     **AMENDED PETITION AND**
                                                 **DENYING CERTIFICATE OF**
12  ABRAHAM VALENTINO,                           **APPEALABILITY**

13                Defendant.                      **(Docket Nos. 37, 55)**
                                          /
14

15                              **INTRODUCTION**

16        This matter comes before the Court upon consideration of the First Amended Petition

17  for Writ of Habeas Corpus filed by Defendant, Abraham Valentino ("Valentino"), pursuant to

18  28 U.S.C. section 2255 ("Section 2255").  The Court has considered the parties' papers,

19  relevant legal authority, and the record in this case, and it HEREBY DENIES the First

20  Amended Petition and DENIES a certificate of appealability.

21                              **BACKGROUND**[1]

22        On July 26, 2011, Valentino entered a plea of guilty, pursuant to Federal Rules of

23  Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), to one count of Wire Fraud, in violation of 18

24  U.S.C. section 1343, and one count of Money Laundering, in violation of 18 U.S.C. section

25  1957.  (Docket No. 5, Plea Agreement.)  The parties agreed that, under the United States

26  Sentencing Guidelines ("Guidelines"), Valentino's base offense level was 8 and his adjusted

27
28

---

[1]     The Court set forth the procedural history of this matter in its Order granting
Valentino's motion for leave to file an amended petition, and it shall not repeat it here.

1    offense level was 6.  Although they did not agree to Valentino's criminal history category, the

2    parties contemplated a Guidelines range of 0-6 months.  (*Id.* at ¶ 7.)

3        Pursuant to the terms of the Plea Agreement, Valentino agreed "not to file any collateral

4    attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C.

5    § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except

6    that I reserve my right to claim that my counsel was ineffective in connection with the

7    negotiation of this Agreement or the entry of my guilty plea...."  (*Id.* at ¶ 5.)  Valentino agreed

8    "not to ask the Court to withdraw my guilty pleas at any time after they are entered," and he

9    agreed that the Court was not bound by the Guidelines calculation [herein], the Court may

10   conclude that a higher Guidelines range applies to me, and if it does, I will not be entitled, nor

11   will I ask, to withdraw my guilty plea...."  (*Id.* at ¶¶ 6-7.)

12       Valentino also agreed that "regardless of any other provision of this Agreement, the

13   government may and will provide the Court and the Probation Office with all information

14   relevant to the charged offense and the sentencing decision, including, but not limited to, loss to

15   the lenders, if any such loss occurs on or before sentencing."  (*Id.* at ¶ 8.)  Finally, the

16   Government agreed that it would "recommend the Guidelines calculations set out [herein]...."

17   (*Id.* at ¶ 14.)[2]

18       On March 8, 2012, the United States Probation Officer assigned to the case submitted

19   the final Presentence Investigation Report ("PSR") and applied the gross receipts special

20   offense characteristic ("gross receipts SOC"), United States Sentencing Guideline sections

21   2B1.1(b)(15)(A), (D).  The Probation Officer, therefore, calculated Valentino's base offense

22   level as 24 and his adjusted offense level as 21.  (PSR ¶¶ 21-26.)  The Probation Officer

23   calculated that Valentino's criminal history category was I, which resulted in a Guidelines range

24   of 37-46 months.  The Government did not submit objections to the Probation Officer's

25   calculations.  (*See* Addendum to PSR, ¶ 1.)  Valentino objected to the application of the gross

26   receipts SOC, on the basis that "the parties did not contemplate that" the gross receipts SOC

27

28

    [2]        This provision is subject to certain exceptions that are not applicable here.

1  would apply and on the basis that its application would overstate the seriousness of the offense.

2  (*Id.*, ¶ 2.)

3         On March 14, 2012, the parties filed their sentencing memoranda.  (Docket Nos. 20

4  ("Def. Sentencing Memo"), 21 ("Gov. Sentencing Memo")).  On March 22, 2012, the parties

5  appeared before the Court for judgment and sentencing.  At that time, the Government objected

6  to application of the gross receipts SOC, on the basis that it was not in the plea agreement.

7  (Docket No. 47, Transcript of Proceedings ("3/22/12 Tr.") at 2:18-3:2.)  The Court expressed its

8  view that the gross receipts SOC would apply, ordered the parties to submit supplemental

9  briefing on the applicability of the enhancement, and continued the sentencing proceedings.

10  (3/22/12 Tr. at 4:6-10, 4:20-5:5, 8:4-9:7.)

11        On April 5, 2012, the Government submitted the supplemental brief ordered by the

12  Court.  (Docket No. 23 ("Gov. Supp. Sentencing Memo").  Valentino submitted his

13  supplemental brief on April 17, 2012.  (Docket No. 26.)  On May 24, 2012, the Court

14  determined that the gross receipts SOC did apply, and it calculated Valentino's base offense as

15  24, his adjusted offense level as 21, and his criminal history category as I, which resulted in a

16  guidelines range of 37 to 46 months.  However, the Court varied from the guidelines and

17  sentenced Valentino to a term of imprisonment of 18 months.  (Docket No. 28.)

18        The Court shall address additional facts as necessary in the analysis.

19                                        **ANALYSIS**

20        Valentino presents two claims for relief, both premised on ineffective assistance of

21  counsel, albeit in a different order than is discussed herein.  First, Valentino argues that counsel

22  was ineffective, because he failed to argue that the Government breached the Plea Agreement,

23  when it submitted its supplemental sentencing memorandum and argued that the gross receipts

24  SOC could apply ("Claim One").  Second, Valentino argues that counsel was ineffective during

25  plea negotiations and sentencing, because he failed to recognize that the gross receipts SOC

26  might apply ("Claim Two").

27  //

28  //

3

**A.      Standard of Review.**

Section 2255 provides, in pertinent part, that a district court shall grant an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." An evidentiary hearing usually is required "if the motion states a claim based on matters outside the record or events outside the courtroom." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). However, denial without a hearing is appropriate whenever the record affirmatively manifests the factual or legal invalidity of the petitioner's claims. *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). "A judge may supplement the record with his 'recollection of the events at issue' and then summarily dismiss a section 2255 motion." *Burrows*, 872 F.2d at 917 (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 n.4 (1977)).

To justify an evidentiary hearing, the petitioner may not rely on "[m]ere conclusory statements." *Baumann*, 692 F.2d at 571 (citing *Wagner v. United States*, 418 F.2d 618, 621 (9th Cir. 1969)). However, "the petitioner need not detail his evidence, but must only make specific factual allegations which, if true, would entitle him to relief." *Id.* Thus, a court may deny a Section 2255 motion without a hearing if "viewing the petition against the record, its allegations do not state a claim for relief or are so palpably incredible or so patently frivolous as to warrant summary dismissal." *Id.*

**B.      The Court Denies the First Amended Petition.**

The Sixth Amendment right to counsel guarantees effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance of counsel claim, a defendant must satisfy two tests. First, he must establish that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Second, he must show he was prejudiced by counsel's errors. *Id.* at 694. In order to demonstrate prejudice, there must be a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The court need not consider one component if there is an insufficient showing of the other. *Id.* at 697.

//

**1.      Claim One.**

Valentino argues that his prior counsel was ineffective, because he failed to argue the United States breached the plea agreement at sentencing.  Valentino does not provide any evidence that previous counsel was not aware of the relevant Ninth Circuit law.  Even if he did, the Court would find that the argument regarding a breach would lack merit.  A plea agreement is "a contract between the prosecutor and the defendant.'" *United States v. Manzo*, 675 F.3d 1204, 1210 (9th Cir. 2012) (quoting *United States v. Gonzalez-Melchor*, 648 F.3d 959, 963 (9th Cir. 2011)).  Thus, when the Court construes it, the Court must enforce the literal terms of the plea agreement, and it is required to construe any ambiguities in Valentino's favor.  *United States v. Ellis*, 641 F.3d 411, 417 (9th Cir. 2011).  "[W]hen a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

Two provisions of the plea agreement are at issue.  The first is paragraph 14, which required the United States "to recommend the Guidelines calculations set out above...."  The second is paragraph 8, which permitted the United States to "provide the Court ... with all information relevant to the charged offense and the sentencing decision, including, but not limited to, loss to the lenders, if any such loss occurs on or before sentencing." (Plea Agreement at ¶ 8.)  Valentino argues that paragraph 14 precluded the Government from responding to the Court's request for supplemental briefing.  The Government, in turn, argues that paragraph 8 permitted it to respond to the Court's request.

The Court finds the *Manzo* case instructive.  There, the probation officer grouped the offenses to calculate the offense level and calculated the defendant's offense level as 38.  The parties had not contemplated the offenses would be grouped, and they agreed they offense level was 34.  *Manzo*, 675 F.3d at 1207, 1210.  At the sentencing hearing, however, the government agreed that the offense level of 38 was correct, based on the grouping provision, and then proceeded to recommend that the court sentence the defendant using that offense level, instead of the base offense level set forth in the plea agreement.  *Id.* at 1211.  The defendant moved to

5

1  vacate his sentence and argued that his counsel was ineffective because he failed to argue that,

2  by doing so, the government breached the plea agreement.

3       The Ninth Circuit agreed. The court noted that "[t]he government must be truthful with

4  the district court as to the legal import of the grouping provision on the correct guidelines

5  calculation." *Id.* However, it reasoned that the government's obligation to be truthful, "did not

6  preclude the government from answering the district court truthfully and *then* performing as

7  promised under the plea agreement, namely to recommend that the district court, in its

8  discretion, sentence" the defendant in accordance with a base offense level of 34. *Id.* at 1211-

9  12 (emphasis added).

10      In this case, Paragraph 8 of the plea agreement does not clearly state whether the term

11 "information," should be limited to factual information, rather than legal analysis. To the extent

12 it is ambiguous, the Court is required to construe it in Valentino's favor. However, in the

13 *Manzo* case, the court's inquiry was directed to the legal application of the Guidelines, and it is

14 well-established that the Court must begin its sentencing analysis with the correct guidelines

15 calculations.

16      Although the Government's response to the Probation Officer's calculations stated that

17 it had "unintentionally omitted" the gross receipts SOC in its plea agreement, in contrast to

18 *Manza*, the Government then stated that it was "bound to the agreement as it presently exists.

19 Therefore, [it] does not seek application of the" gross receipts SOC. (Gov. Sent. Memo. at

20 4:19-21.) The Government also noted that no loss was involved and that if the Court applied

21 the gross receipts SOC, it would result in a significantly harsher sentence than the parties had

22 contemplated. Therefore, it recommended "a Guidelines-based method by which the Court may

23 sentence the defendant in the range contemplated in the plea agreement...." (*Id.* at 5:2-4.)

24      In its response the Court's request for supplemental briefing, the Government stated that

25 "it must acknowledge that there appears to be an adequate factual and legal basis to apply the"

26 gross-receipts SOC. (Docket No. 23, Gov. Supp. Sent. Memo. at 4:4-5.) The Government also

27 emphasized that it did not, "by this response to the Court's order for further briefing, expressly

28 or impliedly repudiate any of its obligations under the plea agreement." *See, e.g., United States*

6

1    *v. Whitney*," 679 F.3d 965 (9th Cir. 2012).  Thus, as in *Manzo*, the Government fulfilled its

2    obligation to be truthful to the Court.  *Cf. United States v. Maldonado*, 215 F.3d 1046, 1052 (9th

3    Cir. 2000) ("We conclude that a plea agreement does not bar the government from honestly

4    answering the district court's questions.  To the contrary, honest response of the government to

5    direct judicial inquiry is a prosecutor's professional obligation that cannot be barred, eroded, or

6    impaired by a plea agreement.").

7        Thereafter, in contrast to the situation in *Manzo*, the Government performed by

8    recommending that the Court "sentence Valentino in a manner consistent with the plea

9    agreement," and it reiterated the harsh result that would apply if the Court applied the gross-

10   receipts SOC.  (*Id.* at 5:16-6:6.)  *See, e.g., United States v. Franco-Lopez*, 312 F.3d 984, 992

11   ("This court has construed the word 'recommendation' in plea agreements as indicating

12   prosecutorial preference, and as requiring that the prosecutor not 'contradict his

13   recommendation with statements indicating a preference for a harsher sentence.'") (quoting

14   *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999)).  Finally, there is nothing in the

15   record to suggest that the Government's promise to recommend the guidelines calculation was

16   illusory or that the Government's made the statements in its supplemental brief for the purpose

17   of urging the Court to impose a harsher sentence.

18       Because the Court concludes there was no breach, Valentino also cannot show he was

19   prejudiced, *i.e.* that the outcome would have been different.  Accordingly, the Court denies the

20   First Amended Petition on this basis.

21       **2.    Claim Two.**

22       Valentino also argues that counsel was ineffective during plea negotiations and

23   sentencing, because he failed to recognize that the gross receipts SOC might be applicable and

24   failed to argue that the proper construction of USSG section 2B1.1(b)(15) required Valentino to

25   have received the funds individually.  With respect to this claim, Valentino has not submitted a

26   declaration from prior counsel regarding the allegations of ineffective assistance of counsel.

27   Therefore, there is no evidence in the record to demonstrate why counsel chose to proceed as he

28

7

1  did, and the Court is not convinced by Valentino's arguments on the construction of the gross

2  receipts SOC.

3      More importantly, however, Valentino has not presented any factual evidence to support

4  his position that, but for counsel's alleged deficient performance, the outcome would have been

5  different, *i.e.* that he would not have entered into the plea agreement. Thus, Valentino has not

6  made a showing either that an evidentiary hearing is necessary or that he suffered prejudice.

7  Therefore, the Court denies the First Amended Petition on this basis as well.

8                                    **CONCLUSION**

9      For the foregoing reasons, the Court DENIES Valentino's First Amended Petition. This

10  Order terminates Docket Nos. 37 and 55, as well as civil case 12-3605. The Court also

11  DENIES a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255

12  Proceedings requires a district court to rule on whether a petitioner is entitled to a certificate of

13  appealability in the same order in which the petition is denied. Valentino has failed to make a

14  substantial showing that his claims amounted to a denial of his constitutional rights or

15  demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. *See*

16  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, a certificate of appealability is not

17  warranted in this case. Valentino may not appeal the denial of a certificate of appealability but

18  may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of

19  Appellate Procedure. Rule 11(a) of the Rules Governing Section 2254 Proceedings.

20      A separate judgment shall issue, and the Clerk shall close the file.

21      **IT IS SO ORDERED.**

22  Dated: January 9, 2013

_____

JEFFREY S. WHITE

23  UNITED STATES DISTRICT JUDGE

24

25

26

27

28

8